UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>PEOPLE OF CALIFORNIA,<br><br>　　　　　Respondent. | No. 2:21-cv-00871 GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a pretrial detainee, proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, the undersigned will recommend summary dismissal of the pending petition based on a failure to raise a federal cognizable claim.

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) may be applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief.  Therefore, the petition should be summarily dismissed.

1

The habeas petition challenges charges against petitioner currently pending in state court. ECF No. 1 at 1. Petitioner asserts there has been a delay in his arraignment hearing, violations of due process, fabricated and false evidence from witnesses, ineffective assistance of counsel, malicious prosecution and a deprivation of civil rights. Id. at 6-7, 11-24. Petitioner seeks release from pretrial detention, a fair trial in another county, dismissal of pending charges, and "a new trial on past charges[.]" Id. at 7.

Pursuant to 28 U.S.C. § 2241, this court has jurisdiction to consider the pending habeas petition brought by a pretrial detainee. McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003) (citing Braden v. Judicial Circuit Court, 410 U.S. 484, 503 (1973)). However, when challenging ongoing criminal proceedings, principals of comity and federalism weigh against federal courts interfering with ongoing state criminal proceedings. Younger v. Harris, 401 U.S. 37 (1971). Younger abstention is applicable if the state court proceeding is 1) currently pending; 2) involves an important state interest; and 3) provides an adequate opportunity to raise constitutional challenges in the state court proceedings. Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). If the Younger requirements are satisfied, abstention is required unless "state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist[.]" Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003).

In the instant action, the Younger requirements are satisfied. According to petitioner, he is currently being detained in San Joaquin county jail on criminal charges in San Joaquin Superior Court. It is evident that petitioner's criminal proceedings are ongoing and any relief granted by this court would interfere with the pending proceedings. Moreover, ongoing criminal proceedings implicate important state interests. Additionally, petitioner has an adequate opportunity to raise constitutional challenges in his ongoing criminal proceeding and in his appeals. Lastly, petitioner has not established extraordinary circumstances exist to establish any exception to the Younger abstention.

Furthermore, petitioner has not exhausted state court remedies.

////

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice; and

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: June 4, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE